UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Leland Foster, Individually**, | ) |
| | ) |
| Plaintiff, | ) Case No. |
| v. | ) |
| | ) |
| **B. S. S. Hospitality, Inc.,** a Pennsylvania corporation for profit, | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Leland Foster, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., Counsel for Plaintiff, hereby files this Complaint against Defendant **B.S.S. HOSPITALITY, INC.**, a Pennsylvania corporation for profit, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

1

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Western District of Pennsylvania as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Leland Foster ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **B.S.S. HOSPITALITY, INC.** owns and operates Days Inn by Wyndham Somerset located at 220 Waterworks Road, Somerset, PA 15501 in Somerset County. Plaintiff has patronized Defendant's hotel previously as a place of public accommodation.

6. Upon information and belief, the facilities owned by **B.S.S. HOSPITALITY, INC.** are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facilities as a hotel and place of public accommodation fails to comply with the ADA and its

regulations, as also described further herein.

7. Plaintiff is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. Plaintiff has visited the property that forms the basis of this lawsuit as an overnight hotel guest and plans to return to the property to avail himself of the goods and services offered to the public at the property.

8. Mr. Foster is an avid adaptive sports enthusiast and participates in downhill adaptive skiing, adaptive mountain biking and kayaking with the active western Pennsylvania adaptive sports community of which he has been an active participant for over twenty-five years. Leland Foster frequents the Laurel Highlands region of Western PA on at minimum a twice annual basis and while there is a patron of many establishments in the area. In this instance Mr. Foster has visited and been an overnight guest at Defendant's hotel which forms the basis of this lawsuit on a minimum of two previous occasions, most recently on June 18, 2018 and before that in January 8-9, 2014, and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

9. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice.

        Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

10. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

11. The Defendant has discriminated against the individual Plaintiff by denying him access to

the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

12. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

13. A preliminary inspection of the Days Inn by Wyndham Somerset, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Accessible Routes and Parking

   A. There is no accessible route from the designated accessible parking to the lobby entrance due to the presence of a curb and a route that does not meet the required width, in violation of the ADA whose remedy is readily achievable.

   B. Designated accessible parking signage is not mounted at the required height, in violation of the ADA whose remedy is readily achievable.

   C. There are no designated van accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

   D. There are cracks and changes in level in excess of ¼ inch on the designated accessible parking surfaces, in violation of the ADA whose remedy is readily achievable.

   E. The accessible parking access aisle lacks required width, in violation of the ADA whose remedy is readily achievable.

Lobby Restroom

   F. The unisex single-user restroom lacks compliant signage containing the international symbol of accessibility, in violation of the ADA whose remedy is readily achievable.

   G. The hardware on the restroom door requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

   H. The lavatory lacks required knee and toe clearance, in violation of the ADA whose

remedy is readily achievable.

I. There are amenities, including toilet seat covers, which are mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

J. The grab bars around the water closet are non-compliant, in violation of the ADA whose remedy is readily achievable.

K. There is not the required clear floor space around the water closet, in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

L. The registration counter in the lobby exceeds 36 inches above the finish floor and has no lowered registration service transaction counter for disabled customers, in violation of the ADA whose remedy is readily achievable.

M. The entrance to the ice and vending room has a threshold in excess of ½ inch, in violation of the ADA whose remedy is readily achievable.

N. The dining tables in the lobby area do not have required clear floor space for use by customers who use wheelchairs, in violation of the ADA whose remedy is readily achievable.

Designated Mobility Accessible Guestroom #106

O. There is a threshold in excess of ½ inch at the entrance, in violation of the ADA whose remedy is readily achievable.

P. The doors contain hardware that requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

Q. There are amenities, including an iron and coat hangers, hair dryer, and towel racks, mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

R. The curtain adjuster is mounted above the allowable reach range and requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

S. The grab bars around the water closet are non-compliant in both their positions and lengths, in violation of the ADA whose remedy is readily achievable.

T. The water closet lacks required clear floor space around it, in violation of the ADA

whose remedy is readily achievable.

U. The toilet paper dispenser is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

V. The lavatory does not have the required knee and toe clearance, in violation of the ADA whose remedy is readily achievable.

W. The lavatory contains hardware that requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

X. The lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

Y. Grab bars inside the bathtub are missing and those installed are non-compliant, in violation of the ADA whose remedy is readily achievable.

Z. The faucet controls in the tub are not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

AA. The shower spray unit is mounted in excess of allowable reach range and does not have an on-off control with a non-positive shutoff, in violation of the ADA whose remedy is readily achievable.

<u>Disbursal and Number of Designated Accessible Guestrooms</u>

BB. There are no designated mobility accessible guestrooms equipped with a roll-in shower, whereas for a hotel consisting of 95 guestrooms a minimum of one required, in violation of the ADA whose remedy is readily achievable.

CC. Upon information and belief there are an insufficient total number, per the ADA implementing regulations, of designated mobility accessible guestrooms, in violation of the ADA whose remedy is readily achievable.

<u>Policies and Procedures</u>

DD. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in contravention of the ADA whose remedy is readily achievable.

14. The discriminatory violations described in Paragraph 13 by Defendant **B.S.S. HOSPITALITY, INC.** are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation

and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

15. Plaintiff restates the allegations of ¶¶1-14 as if fully rewritten here.

16. The hotel at issue, as owned and operated by **B.S.S. HOSPITALITY, INC.**, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

17. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by

persons with disabilities, including Plaintiff. As well as implement policy and procedures for the benefit of its patrons with disabilities.

18. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, unlawful and lack of necessary policies and procedures, and ADA violations that exist at the Facility, including those set forth herein.

19. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq.*, OH Bar no. 0074743
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile

dunnlawoffice@sbcglobal.net
*admitted to W. District of Pennsylvania